MEMORANDUM BY THE COURT
This is a suit brought by the plaintiffs against the United States to recover the sum of $162,500.
The defendant has demurred to the petition of the plaintiffs.
The plaintiffs entered into four leases with the United States for the use of certain space in the Leiter Stores Building situated in Chicago, Ill.
Three of these leases were for terms of five years, -and one of them was for a term of four years.
*908 The United States took possession of the office space mentioned in the leases and occupied the same up to and including June 30, 1922, and has paid the rent agreed upon up to and including that date. On May 29, 1922, the United States notified the plaintiffs in writing that the office space mentioned in the said leases would be vacated and returned to the lessor on June 30, 1922. The premises were vacated by the United States on June 30, 1922.
The plaintiffs demanded rent for the premises for the months of July to December, 1922, and for the months of January to June, 1923. This demand was denied by the United States with the statement that “no payment for rental will be made by the United States on account of the use and occupancy of said premises subsequent to June 30, 1922.”
The plaintiffs are now suing in this court to recover the sum of $162,500, which is the amount of annual rental the United States would have paid had the premises been occupied under the leases aforesaid.
The authority of law for the making of the leases aforesaid is found in the appropriation act May 29, 1920, 41 Stat. 631, and the appropriation act March 4, 1921, 41 Stat. 1367.
Section 3732 of the Revised Statutes provides:
“No contract of purchase on behalf of the United States shall be made unless the same is authorized by law or is under an appropriation adequate to its fulfillment, except in the War and Navy Department., for clothing, subsistence, forage, fuel, quarters, or transportation, which, however, shall not exceed the necessities of the current year.”
Section 3679 of the Revised Statutes as amended by the act of March 3, 1905, 33 Stat. 1257, and the act of February 27, 1906, 34 Stat. 48, prohibits the expenditure by any executive department or other Government establishment in any one fiscal year of any sum in excess of appropriations made by Congress for that fiscal year, and prohibits any contract for the future payment of money in excess of such appropriations unless such contract is authorized by law.
There is no general or specific law authorizing the Secretary of the Treasury to enter into a lease on behalf of the United States for the period of five years, or any period *909 beyond that provided for in the statutes which, are cited above.
The leases in question were founded upon an annual appropriation and are binding.upon the Government only until the end of the fiscal year in which they were made, with a future option from year to year until the end of the term. McCollum v. United States, 17 C. Cls. 92, 103. The United States had a right to exercise the option, either to continue in possession of the property or to vacate it. The defendant chose to vacate the property and gave the necessary notice to the plaintiffs of its intention so to do.
It is true, as the plaintiffs contend, that Congress did on June 12, 1922, make an appropriation for rent generally of space for the Veterans’ Bureau, out of which appropriation the rent for the Leiter Building might have been paid. But the appropriation of money by Congress for rent generally did not, in the first place, validate the lease for a term of years which was made without authority of law, and did not, in the second place, defeat the right to exercise the option which the United States had.
The demurrer must be sustained. It is so ordered.